1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J.A.,                                    No. 2:23-cv-00675-DC-DMC

12                  Plaintiff,

13          v.                                 ORDER DENYING MOTION TO APPOINT
                                               A GUARDIAN *AD LITEM* AS MOOT AND
14   COUNTY OF SHASTA, et al.                  ORDER FOR SUPPLEMENTAL BRIEFING
                                               ON MOTION FOR APPROVAL OF
15                  Defendants.                SETTLEMENT OF A MINOR

16                                             (Doc. No. 31)

17          This matter is before the court on Plaintiff J.A.'s motion to appoint a guardian *ad litem*

18   and motion for approval of settlement of a minor. (Doc. No. 31.) Defendants County of Shasta

19   and Isaac Lockwood (hereinafter collectively "Defendants") filed a statement of non-opposition

20   to the motion. (Doc. No. 32.) Having reviewed the motion, the court finds it suitable for a

21   decision on the papers.  Accordingly, the court vacates the hearing on the pending motion

22   scheduled for February 7, 2025. For the reasons explained below, the court denies the motion to

23   appoint a guardian *ad* litem as moot and will order Plaintiff to provide supplemental briefing on

24   the motion for approval of settlement of a minor.

25          This court has a duty to protect the interests of minors participating in litigation before it.

26   *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see* Fed. R. Civ. P. 17(c)(2)

27   (requiring the court "appoint a guardian *ad litem*—or issue another appropriate order—to protect

28   a minor or incompetent person who is unrepresented in an action."). This duty requires a district

                                               1

court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.[1]

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is temporary or permanent. *See* L.R. 202(b)(2).

Under Local Rule 202(c), "[w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the

---

[1] Plaintiff brings four state law claims against Defendants. (Doc. 12 at 1–2, 16–23.) Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims," *Robidoux*, 638 F.3d at 1179 n.2, where as here, a court is exercising supplemental jurisdiction over state law claims, courts apply the *Robidoux* standard to all of the claims. *See A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

1  representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or

2  (3) disbursed pursuant to such other order as the court deems proper for the protection of the

3  minor. (*Id*.)

4  　　Plaintiff requests the appointment of his mother, Ms. Adelman as guardian *ad litem*. (Doc.

5  No. 31.) However, the court already appointed Ms. Adelman as guardian *ad litem* for Plaintiff on

6  April 12, 2023. (Doc. No. 6.) Accordingly, the court will deny Plaintiff's motion to appoint a

7  guardian *ad litem* as moot.

8  　　Turning to Plaintiff's motion for approval of settlement of a minor, the court requires

9  additional information to ensure Plaintiff has complied with the applicable local rules relating to

10 the motion for approval of settlement of a minor.

11 　　The supporting declaration does not satisfy the requirements of Local Rule 202(c). Here,

12 the motion specifies Barr & Mudford, a personal injury law firm, was retained on April 20, 2022,

13 to represent Plaintiff by guardian *ad litem*. (Doc. No. 31-1 at 7.) Plaintiff's counsel Estee Lewis, a

14 Counsel at Barr & Mudford, declares her office works on a contingency-fee basis and the fee Ms.

15 Adelman agreed to in this case is 25% of the minor's net settlement after costs have been

16 deducted. (Doc. No. 31-2 at ¶¶ 7–8.) However, Attorney Lewis does not indicate if she has any

17 relationship with any of the opposing parties or attorneys in this lawsuit, as required by Local

18 Rule 202(c). Thus, the court will direct Plaintiff to file a supplemental declaration to provide this

19 information.

20 　　In addition, the court must consider whether Plaintiff's net recovery of $67,584.40 is fair

21 and reasonable "in light of the facts of the case, the minor's specific claim and recovery in similar

22 cases." *Robidoux*, 638 F.3d at 1181-82. Here, Plaintiff asserts the settlement is fair and reasonable

23 because it "is consistent with amounts awarded in cases where a Plaintiff experiences temporary

24 emotional distress but shows significant improvement over time." (Doc. No. 31-1 at 6.) However,

25 Plaintiff fails to cite any examples of recoveries in similar cases demonstrating the suitability of

26 the settlement amount here, as contemplated by the court in *Robidoux*. Thus, the court will direct

27 Plaintiff to file supplemental briefing to provide the court with authority that supports his position

28 that the proposed compromise is fair and reasonable in light of recovery in analogous cases.

1

**CONCLUSION**

2      For the reasons explained above:

3      1.      Plaintiff's motion to appoint Gayle Adelman as guardian *ad litem* (Doc. No. 31) is

4              denied as moot;

5      2.      Plaintiff's motion for approval of a minor's settlement (Doc. No. 31) remains

6              pending;

7      3.      Within fourteen (14) days of the date of entry of this order, Plaintiff shall file a

8              supplemental brief and declaration addressing the deficiencies identified in this

9              order; and

10     4.      The motion hearing set for February 7, 2025, is vacated, to be reset at a later date

11             if the court determines that oral argument is needed.

12

13     IT IS SO ORDERED.

14   Dated:    **January 14, 2025**

15                                                              Dena Coggins
                                                               United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

4