UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SHASTA, et al.<br><br>    Defendants. | No. 2:23-cv-00675-DC-DMC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT OF A MINOR<br><br>(Doc. No. 31) |

This matter is before the court on Plaintiff J.A.'s unopposed motion for approval of the settlement of a minor and supplemental brief filed by Plaintiff in support of his motion. (Doc. Nos. 31, 36.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 35) For the reasons explained below, the court will grant Plaintiff's motion.

**BACKGROUND**

Plaintiff is a thirteen-year-old male, but he was ten years old at the time of the incident giving rise to this action. (Doc. No. 31-1 at 3.) At approximately 12:11 a.m. on February 14, 2022, Plaintiff and his sister V.A. called 911 to report a domestic incident involving two other individuals at their home in Cottonwood, California. (Doc. No. 12 at ¶¶ 13, 15.) Shasta County Sheriff's Office deputies Justin Meredith and Defendant Issac Lockwood were dispatched to Plaintiff's home. (*Id.* at ¶ 15.) The home sits on nearly four acres and has a gated driveway that

1

1  requires the entry of a code to obtain access. (*Id*. at ¶ 14.) V.A. told Plaintiff to go outside and
2  open the gate for the deputies. (*Id*. at ¶ 17.)

3      At approximately 1:24 a.m., Defendant Lockwood and Deputy Meredith arrived at the
4  property. (*Id*. at ¶ 20.) Defendant Lockwood then approached the closed driveway gate in his
5  patrol vehicle. (*Id*. at ¶ 21.) At the same time, Plaintiff ran down the driveway toward the gate so
6  he could enter the code and provide the deputies access to the home. (*Id*. at ¶ 23.) As Plaintiff
7  approached the gate, Defendant Lockwood allegedly exited his patrol vehicle and instantly fired
8  his weapon at Plaintiff without first providing any identification of himself as a peace officer
9  and/or warning that deadly force may be used against Plaintiff. (*Id*. at ¶ 24.) After the shot was
10 fired, Defendant Lockwood and/or Deputy Meredith yelled, "Show me your hands" and shined a
11 flashlight toward Plaintiff to identify him. (*Id*. at ¶ 25.) Defendant Lockwood and Deputy
12 Meredith found Plaintiff hiding behind the gate in fear for his life. (*Id*.)

13     As a result of the incident, Plaintiff alleges he suffered psychological and sustained
14 emotional distress, including anxiety, difficulty sleeping, fear, and a disrupted sense of safety.
15 (Doc. Nos. 12 at ¶ 26; 31-1 at 5.) Plaintiff's academic grades also suffered for 6 to 12 months
16 following the incident, and he wanted to be near his parents far more frequently than prior to the
17 shooting. (Doc. 31-1 at 5.)

18     Plaintiff initiated this lawsuit by filing a complaint on April 10, 2023. (Doc. No. 1.) On
19 June 9, 2023, Plaintiff filed the operative first amended complaint against Defendants asserting
20 federal civil rights and state law causes of action. (Doc. No. 12.) The parties attended mediation
21 on November 18, 2024, and a resolution was reached to resolve the case. (Doc. No. 31-2 at ¶ 5.)
22 On November 25, 2024, the parties filed a notice of settlement pending approval of a minor's
23 compromise. (Doc. No. 29.)

24     Plaintiff filed the pending motion for approval of Plaintiff's settlement on December 19,
25 2024. (Doc. No. 31.) Plaintiff asserts the proposed settlement would resolve all claims brought by
26 Plaintiff against Defendants. (Doc. No. 31-1 at 4.) On December 20, 2024, Defendants filed a
27 statement of non-opposition to the motion. (Doc. No. 32.) On January 15, 2025, the court issued
28 an order noting Plaintiff's motion did not satisfy the requirements of Local Rule 202(c) and did

1  not cite any examples of recoveries in similar cases demonstrating the suitability of the settlement
2  amount. (Doc. No. 35 at 3.) The court ordered Plaintiff to provide a supplemental brief and
3  declaration addressing those deficiencies. (*Id*. at 4.) On January 24, 2025, Plaintiff filed a
4  supplemental brief in response to the court's order. (Doc. No. 36.)

## LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see* Fed. R. Civ. P. 17(c)(2) (requiring the court to "appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.[1]

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is

---

[1] Plaintiff brings four state law claims against Defendants. (Doc. No. 12 at 1–2, 16–23.) Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims," *Robidoux*, 638 F.3d at 1179 n.2, where as here, a court is exercising supplemental jurisdiction over state law claims, courts apply the *Robidoux* standard to all of the claims. *See A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

temporary or permanent. *See* L.R. 202(b)(2).

Under Local Rule 202(c), "[w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. (*Id.*)

**DISCUSSION**

Under the settlement agreement in this case, Plaintiff will receive $67,584.40 of the total $95,000.00 amount offered to settle Plaintiff's claims. (Doc. No. 31-1 at 9.) Plaintiff provides the information required by Local Rule 202(b) and (c), namely Plaintiff's age and sex, the nature of the causes of action to be settled against Defendants, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of Plaintiff's attorney in this action. (Doc. Nos. 31-1 at 3–6; 31-2; 36 at 1.)

In his supplemental brief, Plaintiff notes the difficulty in identifying directly analogous cases involving a minor who was shot at by police, suffered only emotional distress damages, and showed significant improvement over time. (Doc. No. 36 at 2.) However, Plaintiff identifies comparable cases where minors either sustained no injury or minor injuries and emotional distress with no treatment or ongoing distress. (*Id.* at 2–4.) The court finds Plaintiff's cited cases are comparable to this action and support the reasonableness of the settlement in this case. Further, based on the court's independent research, the court finds the net recovery in this case is in line with similar minor compromises that involve police interactions that result in the emotional distress of a minor plaintiff. *See Chavez v. City of Porterville*, No. 22-cv-00794-ADA-SKO, 2023

WL 3994365, at *1, 3–4 (E.D. Cal. Jun. 14, 2023) *findings and recommendations adopted*, 2023 WL 5516275 (E.D. Cal. Aug. 25, 2023) (finding a $200,000 settlement of four minor plaintiffs' claims against police officers appropriate when officers were alleged to enter the children's home without a warrant, pointed a gun at a minor plaintiff, assaulted their mother, and did not permit the minor plaintiffs to leave the premise); *Vasquez v. Cty. of Stanislaus*, No. 19-cv-01610-AWI-SAB, 2021 WL 1734364, at *4–7 (E.D. Cal. Mar. 31, 2021) (approving a net recovery of $7,500 for claims alleging that the minor plaintiff witnessed excessive force against his father and suffered emotional distress, but ultimately sustained no permanent injuries); *Red v. Merced Cnty.*, No. 06-cv-01003-GSA, 2008 WL 1849796, at *3 (E.D. Cal. Apr. 23, 2008) (approving a $20,000.00 settlement where the minor plaintiff was ordered out of the house at gunpoint by law enforcement).

In addition, Plaintiff provides several reasons why a net recovery of $67,584.40 for Plaintiff is fair and reasonable, all of which the court finds persuasive. First, Plaintiff contends the settlement is fair given he was not physically injured, any emotional injuries he sustained were temporary, and he has since recovered. (Doc. No. 31-1 at 5–6.) Next, Plaintiff argues the settlement is reasonable due to the concern Defendants may prevail on summary judgment based on the defense of qualified immunity. (Doc. No. 36 at 4–5.) Plaintiff also asserts he wishes to settle this case to avoid the stress and uncertainty of trial and to not have to relieve the incident in a courtroom setting. (Doc. No. 31-1 at 6.) Based on the court's review of Plaintiff's case, the court concludes the settlement amount is fair and reasonable.[2]

Lastly, the proposed method of disbursing the settlement also appears to be fair and reasonable under Local Rule 202(e). Pursuant to the settlement agreement, within seven days following receipt of the settlement funds, Plaintiff's guardian *ad litem* and mother, Gayle Adelman shall open an interest bearing "Blocked Account," in Plaintiff's true name at

---

[2] In addition, the court notes that Plaintiff's counsel requests $4,887.46 for costs incurred in litigating this case and attorneys' fees in the amount of 25% of the settlement agreement after costs ($22,528.14) based on a minor's contingent fee agreement. (Doc. No. 31-1 at 7–9.) Under *Robidoux*, this court's focus is limited to whether the net recovery of the minor plaintiff is fair and reasonable, without regard to what the minor plaintiff agreed to pay his counsel. 638 F.3d at 1182.

Cornerstone Community Bank, Anderson Branch, located at 2727 Ventura Street, Anderson, California 96007, and shall deposit the settlement funds in said account. (Doc. No. 31-1 at 9.) Prior to the date on which Plaintiff attains the age of majority, no withdrawal of the settlement funds shall be made from the Blocked Account except as authorized by further order of the court. (*Id*. at 9–10.) The court finds this proposed disbursement plan is appropriate and in the interest of Plaintiff. *See Parson v. City of Bakersfield*, No. 07-cv-01468-OWW-DLB, 2009 WL 453118, at *1–2 (E.D. Cal. Feb. 23, 2009) (approving disbursement plan depositing payment to minor into insured account subject to withdrawal only upon authorization of the court until reaching the age of eighteen); *Williams v. Cnty. of Monterey*, No. 19-cv-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (collecting cases noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit"). As such, the method of disbursement of funds satisfies Local Rule 202(e).

Accordingly, the court will grant Plaintiff's motion for approval of his settlement.

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion for approval of settlement of a minor (Doc. No. 31) is GRANTED;
    a. The $95,000 gross settlement to Plaintiff J.A. arising out of the February 14, 2022, incident is fair and equitable;
    b. The payment of attorneys' fees and costs as provided in Plaintiff's motion for approval of settlement of a minor is fair and equitable; and
    c. The net settlement funds of $67,584.40 shall be disbursed as specified in Plaintiff's proposed order (Doc. No. 31-3 at 2–3);
2. The Clerk of the Court is directed to seal Document No. 31-2, which is the Declaration of Estee Lewis[3];

---

[3] It has come to the court's attention that minor Plaintiff J.A.'s full name is stated on the first page of the minor's contingent fee agreement attached as Exhibit A to the Declaration of Estee Lewis (Doc. No. 31-2 at 6).

6

3. Within ten (10) days from the date of this order, Plaintiff shall filed a redacted version of the Declaration of Estee Lewis that redacts Plaintiff's name from the first page of Exhibit A; and

4. The parties shall file dispositional documents by no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **February 24, 2025**                          _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Dena Coggins
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

7